24-1402-cv
Jones v. Greene Cnty. Sheriff's Dep't

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

Matthew Jones,

>*Plaintiff-Appellant,*

> v.                                                          24-1402

Greene County Sheriff's Department, Cornell University Campus Police Department,

>*Defendants-Appellees.*\*

_____

_____

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANT:                                      Matthew Jones, pro se, Greenwood, DE.

FOR APPELLEES:                                    No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, J.; Stewart, Mag. J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Matthew Jones, pro se, sued the Greene County Sheriff's Department and the Cornell University Police Department under 42 U.S.C. § 1983 and other laws, alleging that his family and officers of numerous police departments sexually abused him as a minor in violation of the First and Eighth Amendments and the Equal Protection Clause. The district court sua sponte ordered the complaint dismissed with prejudice unless Jones filed an amended complaint within 30 days. *See Jones v. Greene Cnty. Sheriff's Dep't*, No. 23-CV-1305, 2024 WL 2132518 (N.D.N.Y. May 13, 2024). Jones did not amend and elected to appeal. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"We review *de novo* a district court's dismissal of complaints under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). A

2

pro se submission is reviewed with "special solicitude" and must be construed liberally to raise the strongest arguments that it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006).

The district court correctly concluded that the complaint failed to state a claim. Jones invoked the First and Eighth Amendments as well as the Equal Protection Clause. But Jones did not allege any facts implicating the First or Eighth Amendments. The "Cruel and Unusual Punishments Clause" of the Eighth Amendment "was designed to protect those convicted of crimes." *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (internal quotation marks omitted); *see Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996). Jones did not allege that he was convicted of a crime. Moreover, Jones asserted that he was censored in violation of his First Amendment rights, but he did not allege any facts to support that assertion.

Nor did Jones allege an equal protection claim. To state an equal protection claim, a plaintiff must allege that the defendants "intentionally discriminated against him" on the basis of a protected classification. *Brown v. City of Oneonta*, 221 F.3d 329, 337 (2d Cir. 2000). Alternatively, a plaintiff may state a "class of one" equal protection claim by plausibly alleging that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Under the *Olech* class-of-one

3

theory, the similarly situated comparator must be "*prima facie* identical" to the plaintiff such that "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy" and "the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." *Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019) (quoting *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005)).

Jones did not plausibly allege a violation of the Equal Protection Clause. To the extent the complaint suggested that the defendants were members of an ancient gang that changed DNA in an attempt to murder white people and steal their identities, it was properly dismissed. "A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Jones also failed to state a claim under the Federal Tort Claims Act, which imposes liability on the United States for tort claims "in the same manner and to the same extent as a private individual under like circumstances." *Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991) (quoting 28 U.S.C. § 2674). Jones did not sue the United States, any federal agency, or any federal official.

4

Finally, the complaint did not allege sufficient facts to state a claim for common law negligence, assault, or battery against the defendants.

We have considered Jones' remaining arguments, which we conclude are without merit. Accordingly, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5